**GREENBERG TRAURIG, LLP**
ATTORNEYS AT LAW
SUITE 800
2375 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016
(602) 445-8000

Lindsay J. Fiore, SBN 026382, FioreL@gtlaw.com
Amelia A. Esber, SBN 031545, EsberA@gtlaw.com

*Attorneys for Defendant Dignity Health*
*dba St. Joseph's Hospital & Medical Center*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Erika Braaksma, an individual, | No. |
| Plaintiff, | (Superior Court of Arizona, Maricopa County, Case No. CV2021-015779) |
| v. | |
| Dignity Health, a California nonprofit corporation, d/b/a St. Joseph's Hospital & Medical Center, | **DEFENDANT'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332(a)(1), 1441, & 1446** |
| Defendant. | **(Jury Trial Demanded)** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFF:**

PLEASE TAKE NOTICE that Defendant Dignity Health dba St. Joseph's Hospital & Medical Center ("Defendant") hereby removes this civil action from the Superior Court of the State of Arizona for the County of Maricopa to the United States District Court for the District of Arizona, pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446. A short, plain statement of the grounds for removal is set forth below.

//

//

//

*ACTIVE 61171416v1*

## I.  <u>STATE COURT RECORD</u>

1.      Pursuant to 28 U.S.C. § 1446(a) and LRCiv 3.6(b), copies of all documents previously filed[1] in the state court matter are attached hereto as separate exhibits:

- ▪  Summons to Defendant Dignity Health, **<u>Exhibit A</u>**;
- ▪  Summons to Defendant Barrow Neurological Foundation[2], **<u>Exhibit B</u>**;
- ▪  Certificate of Compulsory Arbitration, **<u>Exhibit C</u>**;
- ▪  Complaint, **<u>Exhibit D</u>**;
- ▪  Affidavit of Service for Defendant Dignity Health, **<u>Exhibit E</u>**;
- ▪  Affidavit of Service for Defendant Barrow Neurological Foundation, **<u>Exhibit F</u>**;
- ▪  First Amended Complaint, **<u>Exhibit G</u>**;
- ▪  Defendant Dignity Health's Acceptance of Service, **<u>Exhibit H</u>**;
- ▪  Undersigned's Notice of Appearance, **<u>Exhibit I</u>**;

2.      Pursuant to LRCiv 3.6(b), the Supplemental Civil Cover Sheet is attached hereto as **<u>Exhibit J</u>** and the most recent state court docket is attached hereto as **<u>Exhibit K</u>**.

3.      Pursuant to LRCiv 3.6(b), counsel for Defendant Dignity Health verifies that true and accurate copies of all pleadings and other documents filed in the state court proceeding have been filed with this Notice of Removal. [Declaration of Amelia Esber, Esq., attached as **<u>Exhibit L</u>**].

//

//

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

---

[1] Plaintiff filed a Civil Cover Sheet in this matter, which appears on the docket. However, Defendant does not have access to the Civil Cover Sheet and was told by the Superior Court Clerk that Civil Cover Sheets are now being maintained on a confidential basis. [Exh. L at ¶ 3].

[2] This entity was removed as a defendant in this action with Plaintiff's First Amended Complaint.

*ACTIVE 61171416v1*

## II.   **BACKGROUND**

4.      On October 7, 2021, Plaintiff Erika Braaksma ("Plaintiff") filed the Complaint against Defendants Dignity Health and Barrow Neurological Foundation in the Superior Court of the State of Arizona for the County of Maricopa, titled *Erika Braaksma v. Barrow Neurological Foundation et al.,* Case No. CV2021-015779.

5.      Plaintiff served Defendant Dignity Health with copies of the Summons and Complaint on or about October 18, 2021. [Exh. E].

6.      On October 25, 2021, Plaintiff filed the First Amended Complaint which removed Defendant Barrow Neurological Foundation as a party and made this matter removable to federal court pursuant to 28 U.S.C. §§ 1441 and 1446. [*Compare* Exh. D and Exh. G].

7.      Undersigned counsel accepted service of the First Amended Complaint on behalf of Defendant Dignity Health on October 28, 2021. [Exh. H].

8.      Plaintiff's First Amended Complaint alleges Defendant Dignity Health violated the Arizona Employment Protection Act ("AEPA"), A.R.S. § 23-1501. [*See generally* Exh. G].

9.      Plaintiff seeks actual and compensatory damages for lost wages, lost benefits, emotional distress, and damage to professional reputation. [Exh. G at ¶ 65].

## III.   **GROUNDS FOR REMOVAL**

10.      A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

11.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), which provides that federal courts have jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Both qualifications are met in this action.

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

**A.**      **There is Complete Diversity Between the Parties.**

12.      As alleged in the First Amended Complaint, Plaintiff resides in Maricopa County, Arizona. [Exh. G at ¶ 2].

13.      In accordance with 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."

14.      As alleged in the First Amended Complaint and confirmed via sworn Declaration, Defendant Dignity Health is incorporated in the State of California. [Exh. G at ¶ 3; Declaration of Melanie Margeson, attached as **Exhibit M**, at ¶ 4].

15.      A corporation's principal place of business is where "a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.'" *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). The U.S. Supreme Court in *Hertz Corp.* emphasized that the test is one of "administrative simplicity," and federal courts may accept an affidavit as sufficient proof of a corporation's principal place of business. *Id.* at 94; *see Thompson v. Intel Corp.*, 2012 U.S. Dist. LEXIS 126311, at *61, No. CIV 12-0620 JB/LFG (D. N.M. Aug. 27, 2012).

16.      Federal courts, including within the District of Arizona, have consistently found that sworn statements by corporate employees are competent proof of a corporation's principal place of business. *See, e.g. Bradshaw Home Med. Equip., LLC v. Hospice Family Care*, 2013 U.S. Dist. LEXIS 169722, at *13-14, No. 13-CV-8218-PCT-PGR (D. Ariz. Dec. 2, 2013) (citing to multiple jurisdictions where courts have held that a corporation's principal place of business can be proven by a declaration of a corporate officer).

17.      Defendant Dignity Health's corporate headquarters and principal place of business are in San Francisco, California, where its corporate officers and directors direct, control, and coordinate the corporation's business activities. [Exh. M at ¶¶ 5-7].

18.     Although Dignity Health operates six health care entities in Arizona, the vast majority of its operations are in California. [Exh M. at ¶ 7.]

19.     Pursuant to 28 U.S.C. § 1332(a)(1), complete diversity exists because Plaintiff is a citizen of Arizona and Defendant Dignity Health is a citizen of California.

**B.**     **The Amount in Controversy Exceeds $75,000.**

20.     A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). A court may determine whether the threshold amount is satisfied based on "a reasonable reading of the value of the rights being litigated." *See Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993)) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated").

21.     As stated by the U.S. Supreme Court, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) ***only when*** the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee*, 574 U.S. at 89 (emphasis added).

22.     Plaintiff alleges Defendant Dignity Health retaliated against her in violation of the AEPA, and seeks actual and compensatory damages for lost wages, lost benefits, emotional distress, and damage to professional reputation. She also seeks an award of attorneys' fees. [Exh. G at ¶ 65].

23.     Pursuant to Maricopa County Local Rule 3.10(a), cases in which the amount in controversy does not exceed $50,000 are subject to mandatory arbitration.

24.     Plaintiff's Certificate of Compulsory Arbitration indicates the case is not subject to the mandatory arbitration provisions of Rule 72, meaning that the amount in controversy is at least $50,000. [Exh. C].

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

ACTIVE 61171416v1

25.     According to the Maricopa County Clerk of Court, Plaintiff identified this matter as being subject to Arizona's Tier 2 discovery limits, meaning she is seeking between $50,000 and $300,000 in damages. *See* Rule 26.2(c)(3), Ariz. R. Civ. P. [Exh. L at ¶ 4].

26.     Plaintiff's employment with Defendant Dignity Health ended on March 26, 2021. [Exh. M at ¶ 10].

27.     Plaintiff's rate of pay at the time of her termination was $47.04 per hour. [Exh. M at ¶ 11].

28.     As of the date of this filing, Plaintiff has been unemployed by Defendant Dignity Health for approximately 34 weeks, which equates to $63,974.40 in potential alleged lost wages, which will exceed $75,000 by the end of the year.[3] This does not include all the other alleged harm she has suffered and for which she believes she is entitled to compensation.

29.     Plaintiff alleges that she "has suffered and continues to suffer significant damages due to lost income, benefits, and professional opportunities." [Exh. G, ¶ 44.]

30.     Plaintiff also claims that Defendant's conduct "caused her to suffer emotional distress and anxiety" and she is seeking damages for such emotional distress. [Exh. G, ¶ 45.]

31.     Plaintiff further requests damages for reputational harm, as well as attorneys' fees and costs. [Exh. G, ¶ 66 and Prayer for Relief.]

32.     Pursuant to 28 U.S.C. § 1332(a)(1), this case is removable because complete diversity exists and the amount in controversy exceeds $75,000.

---

[3] Defendant does not concede that Plaintiff is entitled to damages for lost wages, or to any damages at all.

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

ACTIVE 61171416v1

## IV. **REMOVAL IS TIMELY AND PROPER.**

33.     This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days of Defendant's receipt of Plaintiff's Complaint: Plaintiff served Defendant the Complaint and Summons on or about October 18, 2021.[4] [Exh. E].

34.     As required by 28 U.S.C. § 1446(d) and LRCiv 3.6(a), Defendant Dignity Health certifies a copy of this Notice has been filed with the Clerk of the Arizona Superior Court.

35.     This Notice is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, in accordance with 28 U.S.C. § 1446(a) and LRCiv 3.6(a).

36.     By filing this Notice of Removal, Defendant Dignity Health does not waive any defenses to Plaintiff's claims.

WHEREFORE, Defendant removes this action in its entirety from the State Court of Arizona, Maricopa County, to the United States District Court for the District of Arizona, and requests that this Court take any and all further action as is just or appropriate.

DATED this 17th day of November, 2021.

GREENBERG TRAURIG, LLP

By:   /s/ Amelia A. Esber
Lindsay J. Fiore
Amelia A. Esber
*Attorneys for Defendant Dignity Health dba St. Joseph's Hospital and Medical Center*

---

[4] Pursuant to 28 U.S.C. § 1446(b)(3), a defendant may file a notice of removal within 30 days of service of an amended pleading that first makes the case removable. Here, this matter could not be removed until Plaintiff filed her First Amended Complaint and omitted Defendant Barrow Neurological Foundation as a party. Defendant Barrow Neurological Foundation is a citizen of Arizona, and prevented removal because complete diversity did not exist. Defendant Dignity Health accepted service of the First Amended Complaint on October 28, 2021, meaning it has additional time to remove this case. However, out of an abundance of caution, Defendant Dignity Health files this Notice of Removal as if the 30-day period ran from service of the original Complaint.

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

7